# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

GLENNIS STEWART,                          )
                                          )
      Plaintiff,          )
                                          )
   v.                          )      No. 2:16-CV-82 CDP
                                          )
CORIZON MEDICAL, LLC, et al.,             )
                                          )
      Defendants.         )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $35, which is twenty percent of her average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will dismiss some of plaintiff's claims under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff is an inmate at the Women's Eastern Diagnostic and Correctional Center. She brings this action for deliberate indifference to her serious medical needs. She alleges that she has a host of medical problems, some of which are the result of breast cancer. She says that Corizon has a policy of denying inmates medical care in order to increase its profits. And she claims that defendants Dr. Justin Jones and Danielle Halterman have refused to provide her the necessary treatment for her condition. The remaining defendants appear to have been involved in the grievance process or are supervisory personnel.

## Discussion

The Court finds that the complaint states a plausible claim against Corizon, Jones, and Halterman. As a result, the Court will direct the Clerk to serve these defendants with process.

Defendant Corizon Dental Services is the same entity as Corizon Medical. Therefore, the Court will dismiss this defendant.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison

is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Plaintiff has not alleged facts showing that defendants Marilyn Horn-Hubert, T.K. Bredeman, J. Cofield, or S. Moeller were involved in denying her medical requests. So, these defendants must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $35 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Corizon Medical, LLC, Dr. Justin Jones (Corizon), and Danielle Halterman (Corizon).

**IT IS FURTHER ORDERED** that defendants Marilyn Horn-Hubert, T.K. Bredeman, J. Cofield, S. Moeller, and Corizon Dental Services are Dismissed without prejudice.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Partial Dismissal will be filed forthwith.

Dated this 23rd day of January, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE