UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| GLENNIS STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16 CV 82 CDP |
| | ) | |
| CORIZON MEDICAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Glennis Stewart, currently incarcerated within the Missouri

Department of Corrections (MDOC), filed this *pro se* action under 42 U.S.C. §

1983.  She alleges that defendants violated her civil rights by being deliberately

indifferent to her serious medical needs in failing to provide her with adequate

medical and dental care.  Defendants are the MDOC medical services provider, a

medical director, and a director of nursing.  Defendants have filed a partial motion

for summary judgment, arguing that Stewart failed to exhaust her administrative

remedies before filing this suit.  Because the undisputed evidence shows that

Stewart did fail to exhaust administrative remedies on many of the grievances she

complains of in this suit, I must grant defendants' motion for dismissal as to the

unexhausted claims at the time of filing.

## Background

Plaintiff Glennis Stewart is now incarcerated within the Missouri Department of Corrections at the Chillicothe Correctional Center. Her § 1983 complaint alleges violations of her civil rights during her imprisonment at the Women's Eastern Reception, Diagnostic, and Correctional Center (WERDCC) in Vandalia, Missouri. She contends that defendant Corizon Medical, LLC, the contracted medical provider for MDOC inmates, has a policy of denying inmates medical care in order to increase its profits. She also claims that defendants Dr. Justin Jones (Medical Director at WERDCC) and Danielle Halterman (Director of Nursing and Health Services Administrator at WERDCC) have refused to provide her the necessary treatment and medications for her medical conditions.

According to the allegations of the complaint, Stewart had a bilateral mastectomy and reconstructive breast surgery performed by a MDOC surgeon in 2013, following a breast cancer diagnosis. At some point she was released from the MDOC, and while not in custody, an oncologist prescribed her Lupron injections every three months as part of her ongoing cancer care treatment. She was then re-incarcerated at WERDCC in 2015.

Stewart has filed multiple medical grievance complaints, alleging many different medical and dental issues. She contends that defendants have denied her standard cancer care, including continuation of her Lupron injections, of which she

missed three of over a nine month period. She also seeks a continuation of the medication Gabapentin for her hot flashes. Stewart claims that the breast implants used by the MDOC in her reconstructive surgery are substandard and have resulted in significant pain and leakage, which has not been properly treated. As for dental care, Stewart alleges that Corizon has an unwritten "outwait" policy for cutting dental care costs: patients who need filings are put on a wait list that is so long that the only option remaining at time of treatment is extraction of teeth, which is also the least expensive option for Corizon.

Defendants have now moved for partial summary judgment on all claims except those involving Stewart's requests for Lupron injections. Defendants argue that Stewart failed to exhaust administrative remedies before filing suit as to all her other claims.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether to grant a motion for summary judgment, the court views the facts – and any inferences from those facts – in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once

the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### The Prison Litigation Reform Act and MDOC Grievance Policy

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress's goal in enacting this statute was "to reduce the quantity and improve the quality of prisoner suits" by affording prison officials time to resolve the complaints internally before going to federal court. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The PLRA requires that an inmate exhaust administrative remedies before filing a suit in federal court, and mandates dismissal if exhaustion was not

completed at the time of filing. *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003).

Defendants have produced uncontroverted evidence of the MDOC Offender Grievance Policy, which establishes a three-step procedure for inmates to use for filing complaints. To initiate the process, an inmate must file an Informal Resolution Request (IRR) within fifteen days of the date of the incident giving rise to the IRR. If an inmate is dissatisfied with the response to her IRR, she can file a formal grievance within seven days of receiving the response. If an inmate is also dissatisfied with the response to her formal grievance, she can file a grievance appeal within seven days of receiving that response. Only after the inmate receives a response to her appeal is the administrative grievance procedure exhausted. ECF Nos. 28-1, 2.

## Discussion

Stewart has filed more than eight separate medical grievances through the offender grievance process at WERDCC since January 1, 2013. She filed her complaint in this case on November 18, 2016, and attached as exhibits paperwork from her prison grievance file. ECF No. 1. Later, she filed more paperwork from her grievance file as "Additional Exhibits" on two separate occasions, and as exhibits to her opposition to partial summary judgment. ECF Nos. 15, 20, 29. Stewart's own filings show that only two of her medical grievances were

exhausted as of the date that she filed this lawsuit.  ECF No. 1 at 6 (Chart under

"V. EXHAUSTION OF LEGAL REMEDIES" shows only IRR Numbers 16-225

and 15-404 as having "GRIEVANCE APPEAL RESPONSE" dates at time of

filing complaint); ECF No. 29 at 2 (Chart showing only complaint numbers 15-404

and 16-225 were exhausted before November 18, 2016, filing date).  Defendants'

evidence also indicates that only two grievances, WERDCC-15-404 and

WERDCC-16-225, were exhausted by the filing date.  ECF No. 28-3 at 3.

Stewart's complaint number WERDCC-15-404 was initiated as an IRR on

October 15, 2015, the grievance appeal was filed January 12, 2016, and the appeal

response was dated February 11, 2016.  ECF No. 28-3 at 28, 36.  This medical

grievance was exhausted by the November 18, 2016, filing date.  In the IRR,

Stewart complains that she was not receiving adequate "cancer treatment and

relevant medications," including Lupron injections and Gabapentin.  She also

requests to be seen by Dr. Jones.

Stewart's complaint number WERDCC-16-225 was initiated as an IRR on

June 21, 2016, the grievance appeal was filed August 30, 2016, and the appeal

response was dated September 14, 2016.  ECF No. 28-3 at 38, 46.  This medical

grievance was also exhausted by the date of filing.  In the IRR, Stewart again

complains about not receiving the medication Gabapentin, this time in relation to

an incident where one of the pills was found in her locker so Dr. Jones said she

would be "weaned off" of it. Stewart claims she needs the medication for her hot flashes and fibromyalgia.

All other medical grievance complaints listed in Stewart's multiple grievance file exhibits (WERDCC-16-430, WERDCC-16-431, WERDCC-16-432, WERDCC-16-490, WERDCC-16-494, WERDCC-17-089, WERDCC-17-134, WERDCC-17-142, and CCC-17-142) were not administratively exhausted by the filing of this suit on November 18, 2016. ECF No. 29 at 2-3, 8-11. According to Stewart's own filings, all of these complaints were not even appealed until after November 18, 2016, except WERDCC-17-142, which was not even submitted as a formal grievance until five months after this suit was filed. *Id.*

Defendants' motion for partial summary judgment attempts to categorize all the allegations of Stewart's complaint into five distinct claims. Defendants then argue that only the allegations in one of those five claims – requests for Lupron injections as made in WERDCC-15-404 – have been exhausted. Therefore, defendants argue all other claims should be dismissed. As for WERDCC-16-225, defendants do not deny that the complaint was administratively exhausted before the filing date, instead they argue that the "grievance does not pertain to any claim in this suit" and therefore any concerns regarding the medication Gabapentin should be dismissed. ECF No. 27 at 9. I disagree. Stewart mentions the withdrawal of Gabapentin in her complaint section on "Denial of Cancer

Treatment," she also lists complaint number "16-225" in her chart of grievances filed, and she attached copies of the WERDCC-16-225 grievance filings as exhibits to the complaint. ECF No. 1 at 5, 6, 8-17. Defendants' describe their motion for summary judgment as pertaining to the "sole issue of exhaustion," but they make arguments for the exclusion of issues by attempting to narrow the allegations raised by Stewart in her complaint, and narrow the issue raised in each of her grievances. As to the sole issue of exhaustion, only claims raised in complaint numbers WERDCC-15-404 and WERDCC-16-225 survive dismissal.

## Conclusion

The PLRA requires the dismissal of any of Stewart's claims to which she has not exhausted her available administrative remedies. *See Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (internal citation omitted); *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005). Therefore, defendants' motion for partial summary judgment is granted to the extent that it seeks dismissal of all claims that were not administratively exhausted as of the filing date. Only allegations raised by Stewart in grievance complaint numbers WERDCC-15-404 and WERDCC-16-225 shall proceed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment [#26] is **GRANTED in part and DENIED in part**. Glennis Stewart's complaint is dismissed as to all medical issues except those raised in grievance complaint numbers WERDCC-15-404 and WERDCC-16-225.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2017.